UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 19-mj-03710 AOR

UNITED STATES OF AMERICA

v.

RAY PRITCHARD,
RODRICH ATKINS,
RAY EMANUEL,
CONRAD JOHNSON,
CRAIG ORAINE,
    a/k/a "Ray Wayne,"
DWAYNE MITCHELL,
JUNIOR SHAW, and
ALMAN STERLING,

    **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  ____ Yes  _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  __ Yes  _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _____
BRIAN G. SATTLER
Special Assistant United States Attorney
Florida Bar No. 0124238
99 N.E. 4th Street
Miami, FL 33132
Tel. No. (305) 961-9136
Fax No. (305) 536-4676
E-mail: Brian.Sattler@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RAY PRITCHARD, RODRICH ATKINS,<br>RAY EMANUEL, CONRAD JOHNSON,<br>CRAIG ORAINE a/k/a "Ray Wayne,"<br>DWAYNE MITCHELL, JUNIOR SHAW, and<br>ALMAN STERLING<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 19-mj-03710 AOR<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 28, 2019__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida, and elsewhere__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1324(a)(1)(a)(iv) | Encouraging and Inducing an Alien to Enter the United States |
| Title 8, United States Code, Section 1326(a) | Illegal Reentry of a Removed Alien |

This criminal complaint is based on these facts:

See attached affadavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Genisis Grinion, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/25/19

_____
*Judge's signature*

City and state: Miami, Florida

Alicia Otazo-Reyes, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Genesis Grinion, being duly sworn, do depose and say:

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Miami, Florida, and have been so employed since March 2019. I am currently assigned to the Human Smuggling Group, where I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States. Prior to my employment with HSI, I was employed as a United States Customs and Border Protection (CBP) Officer from May 2016 through March 2019. I have completed the Criminal Investigator Training Program, HSI Special Agent Training Program, and the CBP Officer Basic Training Course at the Federal Law Enforcement Training Center regarding the proper investigative techniques, including the application and execution of search, arrest, and seizure warrants, for violations of federal laws.

2. The statements contained in this affidavit are based upon my own personal knowledge gathered during my participation in this investigation, my previous training and experience, other law enforcement officers and agents who have engaged in numerous investigations involving the transportation of migrants who are unlawfully present in the United States, and upon facts and information from the following sources I believe to be reliable: oral and written reports pertaining to this investigation which I received directly from the United States Coast Guard, Border Patrol Agents and interviews. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or law enforcement in this investigation. I have set forth only the facts that I believe

are necessary to establish probable cause that Ray PRITCHARD ("PRITCHARD"), did encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

3. Additionally, I have included those facts which I believe are necessary to establish probable cause that PRITCHARD, Rodrich ATKINS ("ATKINS"), Alman STERLING ("STERLING"), Conrad JOHNSON ("JOHNSON"), Dwayne MITCHELL ("MITCHELL"), Craig ORAINE ("ORAINE") a/k/a "Ray Wayne", Junior SHAW ("SHAW"), and Ray EMANUEL ("EMANUEL"), did knowingly and unlawfully enter, and attempt to enter the United States, having previously been ordered removed from the United States, without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to such alien's reapplying for admission, in violation of Title 8, United States Code, Section 1326(a).

4. On September 28, 2019, approximately twenty-two nautical miles east of Miami, Florida, the United States Coast Guard ("USCG") cutter WILLIAM TRUMP detected a twenty-one-foot cabin cruiser with Florida registration number "FL8415RY" heading west towards the United States. The WILLIAM TRUMP launched a smaller fast boat with law enforcement officers to investigate the FL8415RY. As the boat with the law enforcement officers approached, the FL8415RY altered course and started heading east towards The Bahamas. While next to the FL8415RY, law enforcement officers could see PRITCHARD driving the vessel. Also at this time, the officers ordered PRITCHARD to stop the FL8415RY. PRITCHARD refused to do so. The law enforcement officers employed warning shots in an effort to compel PRITCHARD to stop

his vessel. Eventually, PRITCHARD stopped the FL8415RY approximately fifteen nautical miles west of Bimini, The Bahamas, in international waters.

5. The law enforcement officers boarded the FL8415RY and discovered PRITCHARD along with thirteen additional people suspected to be aliens. The majority of the suspected aliens were below deck in a small cabin, including ATKINS, STERLING, JOHNSON, MITCHELL, ORAINE, SHAW, and EMANUEL. PRITCHARD and the suspected aliens were taken to the WILLIAM TRUMP for processing.

6. On September 29, 2019, Coast Guard brought PRITCHARD along with eleven of the thirteen suspected aliens ashore at the USCG Base in Miami Beach, Florida. This was the first place they entered the Southern District of Florida, they were then transferred to CBP custody for further processing. PRITCHARD and the eleven migrants were processed through the taking of biometrics (personal identifying information, criminal history, and immigration status). The resultant checks revealed that none of the suspected aliens, nor PRITCHARD, had permission to enter the United States. Additionally, the biometric results revealed that PRITCHARD, ATKINS, STERLING, JOHNSON, MITCHELL, ORAINE, SHAW, and EMANUEL, had previously been removed from the United States.

7. Immigration records revealed that on or about June 12, 2019, immigration authorities ordered PRITCHARD to be removed from the United States. He was subsequently removed on or about July 09, 2019.

8. Immigration records revealed that on or about October 09, 2013, immigration authorities ordered ATKINS to be removed from the United States. He was subsequently removed on or about October 31, 2013.

9. Immigration records revealed that on or about March 31, 2010, immigration authorities ordered STERLING to be removed from the United States. He was subsequently removed on or about June 24, 2010.

10. Immigration records revealed that on or about January 11, 2012, immigration authorities ordered JOHNSON to be removed from the United States. He was subsequently removed on or about April 06, 2012.

11. Immigration records revealed that on or about May 22, 2007, immigration authorities ordered MITCHELL to be removed from the United States. He was subsequently removed on or about April 24, 2008.

12. Immigration records revealed that on or about December 17, 2015, immigration authorities ordered ORAINE to be removed from the United States He was subsequently removed on or about January 28, 2016.

13. Immigration records revealed that on or about October 31, 2017, immigration authorities ordered SHAW to be removed from the United States. He was subsequently removed on or about June 27, 2019.

14. Immigration records revealed that on or about October 02, 2017, immigration authorities ordered EMANUEL to be removed from the United States. He was subsequently removed on or about November 02, 2017.

15. During a post-Miranda interview, PRITCHARD admitted he was the vessel operator and knew that the migrants on board did not have proper documentation to enter the United States. Additionally, PRITCHARD admitted to turning the FL8145RY around and heading back towards The Bahamas upon seeing the USCG approach the vessel with the intention of getting back in international waters, with the hope that the USCG would let the vessel go.

16. Based on the foregoing facts, I believe that probable cause exists that PRITCHARD did encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

17. Furthermore, I submit that there is probable cause to believe that PRITCHARD, ATKINS, STERLING, JOHNSON, MITCHELL, ORAINE, SHAW, and EMANUEL, did knowingly and unlawfully attempt to enter the United States, having previously been deported and removed from the United States, without the Attorney General of the United States or his successor, the Secretary of Homeland Security having expressly consented to such aliens' reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

FURTHER AFFIANT SAYETH NAUGHT.

_____
GENESIS GRINION, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn and subscribed before me this
25th day of October 2019.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE